**Madeleine LODEWICK and Mildred Lodewick, Plaintiffs-Appellants,**

v.

**MAVCO, Inc., Malcolm A. Vendig, Fifth Avenue Plastics, Inc. and David M. Rubin, Defendants-Appellees.**

**No. 33, Docket 24100.**

United States Court of Appeals Second Circuit.

Argued Nov. 15, 16, 1956.

Decided Dec. 3, 1956.

I. Walton Bader, New York City (Bader & Bader, New York City, on the brief), for plaintiffs-appellants.

Samuel Rubin, New York City (Conrad & Smith, New York City, on the brief), for defendants-appellees.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

PER CURIAM.

■■ The decision below holding the plaintiffs' design patent for a toothbrush and its casing invalid for want of invention or novelty is clearly correct. To salvage something from the situation plaintiffs now attempt to show a breach of confidential relations by defendants in marketing a toothbrush made according to a design disclosed confidentially by plaintiffs to defendants. If we may properly reach this issue not pleaded or raised below, we can see no merit in it. The relations between the parties are subject to a definite contract of July 11, 1947, wherein plaintiffs granted defendants the right of exclusive manufacture and distribution of their "Pocket Tooth Brush" in return for a royalty of 5 per cent of net sales. The parties operated under this agreement for the manufacture of the toothbrush first with a solid handle of the plastic molding and then with a modification to a "web head," so called, with lateral cavities formed in the head. This was a minor change, in appearance and perhaps in the amount of material used, but only that as the parties themselves showed by the continuance of the royalty payments accepted by the plaintiffs until disagreement arose. Thus the Patent Office viewed the designs as so much alike that it required plaintiffs to elect which to press, the plaintiffs then selecting the web design. Now the plaintiffs are attempting to claim purloining of this newer design, but it is clear that it is covered by the general terms of the licensing agreement and that plaintiffs' rights are limited entirely to that.

The parties appear to be in sharp dispute as to who is initially in default in the performance of that agreement. But since no claims based upon it are before us here, we need not try to settle any questions which may arise as to it.

Judgment affirmed.